IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRISMVIEW, LLC, a domestic Utah limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC., a Virginia corporation,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 1:21-CV-136 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Dismiss. Since Defendant filed its Motion after filing its Answer, the Motion is more properly characterized as a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c).[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

This action arises out of the interstate shipment and delivery of goods manufactured and sold by Plaintiff Prismview, LLC ("Prismview"). Prismview engaged Defendant Old Dominion Freight Line, Inc.'s ("Old Dominion") services to execute the logistics and delivery of Prismview's goods and products to a consumer in Oklahoma. Prismview alleges that its goods and products were damaged while under Old Dominion's control. Prismview asserts claims under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, as well as

---

[1] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) ("If the defendant makes the motion after filing the answer, the motion should generally be treated as a motion for judgment on the pleadings.") (citing Fed. R. Civ. P. 12(c), (h)(2)).

Case 1:21-cv-00136-TS-DBP   Document 15   Filed 01/11/22   PageID.101   Page 2 of 5

state-law claims pleaded in the alternative. Old Dominion seeks dismissal of the alternative state-law claims arguing they are preempted by the Carmack Amendment.

## II.  STANDARD OF REVIEW

The Court construes Defendant's Motion as seeking judgment on the pleadings under Rule 12(c). The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[2] In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[3] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7] As the Court in *Iqbal* stated,

---

[2] *Id.*

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

2

only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[8]

In considering a motion for judgment on the pleadings, "the court considers only the Complaint, the Answer, and the documents attached as exhibits to either."[9] In addition, the Court may consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice."[10]

### III. DISCUSSION

Old Dominion asserts that Prismview's state-law claims are preempted by the Carmack Amendment. The Carmack Amendment imposes liability on motor carriers and freight forwarders "for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States."[11] The Tenth Circuit has held "that the Carmack Amendment preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading."[12] Other circuits are in accord.[13]

---

[8] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[9] *ICON Health & Fitness, Inc. v. Polar Electro Oy*, 243 F. Supp. 3d 1229, 1241 (D. Utah 2017).

[10] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[11] 49 U.S.C. § 14706(a)(1).

[12] *Underwriters of Lloyds of London v. N. Am. Van Lines*, 890 F.2d 1112, 1121 (10th Cir. 1989) (en banc).

[13] *Id.* at 1120 (noting that "every circuit which has considered the matter . . . has either held or indicated it would hold that the Carmack Amendment preempts state common law remedies against a carrier for negligent damage to goods shipped under a proper bill of lading").

The parties agree that Prismview's state-law claims are preempted if the Carmack Amendment applies.[14] However, Prismview argues that it has yet to be determined whether the Carmack Amendment applies. Prismview points out that the Carmack Amendment only applies to motor carriers and freight forwarders and the question of whether Old Dominion was acting as such is an open question of fact. Prismview contends that "whether Defendant is in actuality a motor carrier, and thereby subject to the Carmack Amendment, is fact dependent and cannot be determined at this stage of the proceedings."[15]

Prismview's argument is belied by the allegations of its Amended Complaint and Old Dominion's admissions in its Answer, both of which are properly considered under Rule 12(c). Prismview specifically alleges that Old Dominion is a motor carrier subject to liability under the Carmack Amendment and Old Dominion "admits that it is a motor carrier subject to liability under the Carmack Amendment."[16] Thus, any hypothetical question as to whether Old Dominion is a motor carrier is resolved by the pleadings. Prismview argues that it should be permitted to assert claims in the alternative in the event the Carmack Amendment does not apply. However, with both parties seemingly in agreement as to the applicability of the Carmack Amendment, alternative pleading is unnecessary. Therefore, the state-law claims will be dismissed. Should later developments call into question the application of the Carmack Amendment, Plaintiff may seek leave to reassert its state-law claims at that time.

---

[14] Docket No. 11, at 6; Docket No. 12, at 5 n.15.

[15] Docket No. 12, at 6.

[16] *Compare* Docket No. 9 ¶ 23 *with* Docket No. 10 ¶ 23.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 11) is GRANTED.

DATED this 11th day of January, 2022.

                        BY THE COURT:

                        _____
                        Ted Stewart
                        United States District Judge